UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAVATINA GW SP Z O.O., | CASE NO. C25-0380JLR |
| Plaintiff, | ORDER |
| v. | |
| UNKNOWN DEFENDANTS, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Plaintiff Cavatina GW SP Z O.O.'s ("Cavatina") motion for entry of default judgment against Defendants Regginald Crawford and R. Crawford LLC (together, the "Served Defendants"). (Def. J. Mot. (Dkt. # 26).) The court has considered Cavatina's submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Cavatina's motion for entry of default judgment and DISMISSES this action without prejudice for lack of personal jurisdiction.

ORDER - 1

## II.   BACKGROUND

### A.   Factual Background

Cavatina, a real estate development corporation based in Poland, hired Epstein, a design and construction company based in Illinois, to work on a construction project in Seattle, Washington.  (*See* 2d Am. Compl. (Dkt. # 13) ¶ 4; *see* 1/22/26 Knapp Decl. (Dkt. # 26-1) ¶ 10(c), Ex. 3 (Epstein invoices).)  Cavatina's founder and Chairman of the Supervisory Board, Michal Dziuda, "has his personal property and address of US residence in Bainbridge Island, Washington."  (2d Am. Compl. ¶ 8.)

Cavatina alleges that in January 2024, the Served Defendants, along with Defendants Isaiah Crawford, Isaiah Crawford LLC, and certain unknown defendants (together, the "Unserved Defendants," and with the Served Defendants, "Defendants") defrauded it by "presenting themselves as E[pstein]" and inducing Cavatina to make payments to Truist Bank in Georgia instead of the bank to which it ordinarily sent payments to Epstein.  (*Id.* ¶ 4.)  Specifically, Cavatina alleges that Defendants, "one or more" of whom "was residing or doing business in Union City, Georgia," communicated with Cavatina using an email address with the domain name "epstenglobal" instead of Epstein's actual domain name, "epsteinglobal."  (*Id.* ¶¶ 4-5; *see* 1/22/26 Knapp Decl. ¶ 10(a), Ex. 1 (email correspondence).)  Cavatina asserts that it did not notice the discrepancy between the email addresses and, as a result, it wired three payments totaling $78,742.31 from Bank Millenium S.A. in Poland to Defendants' account at Truist Bank. (2d Am. Compl. ¶¶ 5-7; *see* 1/22/26 Knapp Decl. ¶¶ 10(b), 10(d), Exs. 2, 4 (Bank Millenium records).)

ORDER - 2

**B.      Procedural Background**

Cavatina filed its original complaint on March 3, 2025.  (Compl. (Dkt. # 1).)  It filed the operative second amended complaint on September 17, 2025.  (2d Am. Compl.) Cavatina asserts claims against Defendants for wire fraud under the Racketeer Influenced and Corrupt Organizations ("RICO") Act and for fraud and misrepresentation under Washington common law.  (*Id.* at 8-9.[1])

Cavatina served the second amended complaint on Regginald Crawford on October 1, 2025 (10/1/25 Aff. (Dkt. # 17)) and on R. Crawford LLC on October 17, 2025 (10/17/25 Aff. (Dkt. # 19)).[2]  Both were served in Atlanta, Georgia, and neither appeared in this action.  (*See* 10/1/25 Aff.; 10/17/25 Aff.; *see generally* Dkt.)  The court granted Cavatina's motion for entry of default against both Served Defendants on December 4, 2025.  (Entry of Default (Dkt. # 22).)

On January 9, 2026, the court ordered Cavatina to show cause why the Unserved Defendants should not be dismissed from this action for failure to effect timely service under Federal Rule of Civil Procedure 4(m).  (1/9/26 Order (Dkt. # 23).)  Cavatina did not respond to the order to show cause before the January 19, 2025 deadline to do so. (*See generally* Dkt.)  Accordingly, the court dismisses the Unserved Defendants from this action without prejudice for failure to effect timely service.  *See* Fed. R. Civ. P. 4(m).

---

[1] In its motion, Cavatina asserts that it also brings claims for conversion, unjust enrichment, and violation of the Washington Consumer Protection Act ("CPA").  (Def. J. Mot. at 8-11.)  Cavatina, however, raised none of those claims in its operative complaint.  (*See generally* 2d Am. Compl.)

[2] Cavatina was unable to find and serve Defendants Isaiah Crawford and Isaiah Crawford LLC.  (*See* 10/20/25 Knapp Decl. (Dkt. # 18) ¶ 4.)

ORDER - 3

Cavatina moved for entry of default judgment against the Served Defendants on January 22, 2026. (Def. J. Mot.)

### III. ANALYSIS

A court evaluating a motion for default judgment "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A judgment entered without personal jurisdiction over the parties is void. *Id.*

For a court to exercise personal jurisdiction over a nonresident defendant, the "defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation and internal quotation marks omitted). "A court has general jurisdiction over a defendant only when the defendant's contacts with the forum state are so 'continuous and systematic as to render [them] essentially at home in the forum State.'" *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022) (citation omitted). Specific personal jurisdiction, in contrast, depends on "the relationship among the defendant, the forum, and the litigation." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (citations and internal quotation marks omitted). Cavatina addresses only specific jurisdiction in its complaint. (*See generally* 2d Am. Compl.)

District courts apply the following test when determining whether to exercise specific jurisdiction over a non-resident defendant:

ORDER - 4

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). For claims sounding in tort, like those at issue here, courts "most often employ a purposeful direction analysis" when evaluating the first prong of the specific jurisdiction test. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750-51 (9th Cir. 2025) (en banc) (citations omitted). Purposeful direction "requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Id.* at 751 (citations omitted). "[M]ere foreseeability" of harm is not enough "to justify the assertion of personal jurisdiction." *Schwarzenegger*, 374 F.3d at 805.

The court concludes that it lacks personal jurisdiction over the Served Defendants. Cavatina alleges that this court has specific jurisdiction based on "[t]he relationship between the D[efendants'] fraudulent activities in an unknown location and Plaintiff['s] claim[.]" (2d Am. Compl. ¶ 10.) Specifically, it asserts that:

A causal connection between Defendants' activities and Plaintiff's claims arise[s] out of the location of the Plaintiff's construction activities in Seattle for which the Plaintiff intended to make payment and the above referenced, Michal Dziuda, the principal and owner of CAVATINA.

ORDER - 5

(*Id.* ¶ 11; *see also id.* ¶ 8 (alleging that the Served Defendants' "fraudulent activity foreseeably impacted" Mr. Dziuda).)  These contacts are too tenuous to demonstrate purposeful direction.  Although the construction site for which Cavatina retained Epstein's services was in Seattle, there is no evidence in the record that the Served Defendants expressly aimed their conduct at Washington.  To the contrary, the documents Cavatina cites in its complaint (*see* 2d Am. Compl. ¶¶ 8(a)-(g)) reveal that the Served Defendants sent the fraudulent emails to Polish email addresses (1/22/26 Knapp Decl. Ex. 1); that the Served Defendants addressed the fraudulent invoices to Cavatina in Poland (*id.*, Ex. 3); and that Cavatina wired funds to the Served Defendants from its bank in Poland (*id.*, Ex. 2).  Although Mr. Dziuda has a residence in Washington, he is not a plaintiff in this action and there are no allegations that the Served Defendants were aware of his Washington residence or that Mr. Dziuda personally suffered harm in Washington caused by the alleged fraud.  As a result, the court concludes that it lacks personal jurisdiction over the Served Defendants; denies Cavatina's motion for default judgment; and dismisses Cavatina's complaint, and this action, without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Cavatina's motion for default judgment and DISMISSES Cavatina's complaint, and this action, without prejudice.

Dated this 13th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 6